UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYRUS Y. KIM,<br><br>    Plaintiff,<br><br>v.<br><br>KAYLA C. STAHMAN,<br>THOMAS S. ZILLY,<br><br>    Defendants. | NO. CV-10-0213-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is the Defendants' motion to dismiss for lack of subject matter jurisdiction. (Ct. Rec. 9). Plaintiff, appearing *pro se*, challenges several actions performed by defendants in their official capacities as an assistant United States Attorney and district court judge, respectively. For the reasons explained below, the Court grants Defendants' motion.[1]

## FACTUAL AND PROCEDURAL HISTORY

This case results from the Defendants' involvement in previous litigation arising from a conflict regarding the delivery of Plaintiff's mail. Plaintiff contends that an adequately addressed parcel was arbitrarily returned to him. Plaintiff traveled to the post office and spoke with a clerk there to determine why his envelope was not delivered. Believing he was the victim of bureaucratic runaround, Plaintiff demanded the employee's name so he could report an "official false comment." An argument developed and, at some point, the clerk shut the

---

[1] The undersigned is sitting by designation because Judge Zilly of the Western District of Washington is a named defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 1**

service window near Plaintiff's face. Police eventually removed Plaintiff from the premises.

Two lawsuits resulted from this incident. Although the case directly relevant here was commenced in 2009, it is helpful to understand the full context of Plaintiff's claims. For that reason, the Court discusses both.

### A. Plaintiff's First Action (2007)

Plaintiff first filed a suit in 2007 (not directly at issue here) against the Postmaster alleging that postal employees violated his Ninth and Fourteenth Amendment rights. The complaint also included some kind of tort claim, though the precise nature of which was disputed. Judge Coughenour dismissed Plaintiff's constitutional claims, concluding that vicarious liability was not cognizable in a *Bivens* action. With the federal element stripped away, the court declined to exercise supplemental jurisdiction over the remaining state tort claim. Ord. on Mtn. to Dismiss, No. 2:07-CV-01917 (W.D. Wash. Mar. 20, 2008). That order was affirmed by the Ninth Circuit. *Kim v. Federal Way Post Office Postmaster*, No. 08-35380 (9th Cir. Jun. 16, 2009).

### B. Plaintiff's Second Action (2009)

Plaintiff then filed the lawsuit that underlies this matter in which he renewed his state law tort claims. However, rather than suing the postal clerks individually, he again named the Postmaster as the sole defendant. Upon review of the complaint, the United States Attorney General's office determined the Postmaster was acting within the course and scope of his employment for the purposes of the Federal Tort Claims Act (FTCA). Pursuant to it, Defendant Stahman, an assistant United States Attorney, substituted the United States as the sole defendant and removed the case to federal court. 28 U.S.C. § 2679(d)(2).

Stahman then moved to dismiss the complaint. Defendant Zilly, the United States District Court judge assigned to the case, granted the motion. Judge Zilly concluded, as a threshold matter, that Plaintiff had not pursued the required

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 2**

administrative recourse before filing his action. (Ct. Rec. 1-2, at 77). Judge Zilly added that sovereign immunity was not waived for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," nor for the intentionally tortious conduct of government employees. (*Id., citing* 28 U.S.C. §§ 2680(b) & (h)).

Plaintiff filed the instant matter, also in state court, against both Stahman and Judge Zilly for their roles in adjudicating his 2009 lawsuit. The complaint alleges Stahman exceeded her authority "by falsifying and distorting [the] Federal Tort Claims Act" in order to remove Plaintiff's case from state court.[2] (Ct. Rec. 1-2, at 2). For his part, Judge Zilly allegedly deprived Plaintiff of "the fundamental right of petition" by ordering the substitution of the United States and dismissing the action. (*Id.* at 3). Defendants removed the case to this Court and now move for dismissal arguing that absolute immunity precludes jurisdiction.

## STANDARD OF REVIEW

Dismissal is appropriate under Rule 12(b)(1) when the Court lacks subject matter jurisdiction over the claim. FED. R. CIV. P. 12(b)(1). This a threshold issue which goes to the power of the Court to even hear the case. Because this foundation is at stake, the Court is not limited to the allegations in the complaint but may also consider extrinsic evidence and, if facts are in dispute, may weigh the evidence in order to satisfy itself that jurisdiction exists. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Although lack of subject matter jurisdiction is an affirmative defense, the burden of proof in a 12(b)(1) motion is on the Plaintiff. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the court will presume a lack of jurisdiction until it is otherwise proven. *Id.*

---

[2]Plaintiff has since filed an Amended Complaint, dated Feb. 25, 2010. (Ct. Rec. 8). However, that document alters only his damages calculation and thus is not relevant for determining the merits of Defendants' motion.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 3**

## ANALYSIS

**A.  Claims Against Individual Defendants**

Because Plaintiff is challenging acts performed by the Defendants in their official capacities, the Court must determine whether Defendants are entitled to absolute immunity. If immunity attaches, then dismissal is proper unless either defendant was acting outside the normal functions of their office. *Imbler v. Pachtman*, 424 U.S. 409, 419, n. 13 (1975) ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.").

  1.  Absolute Immunity

Judges and advocates are shielded from personal liability for their official acts so that they may "perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). This principle is grounded by the fact that "[t]he loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." *Id*. Thus, the Supreme Court has concluded that absolute, rather than qualified, immunity is proper in these instances. *Id*. Although the immunity doctrine found its origin in protecting judges, it has since been extended to include the conduct of, among other actors, government lawyers. *See Harlow v. Fitzgerald*, 457 U.S. 800, 828 (1982) (United States Attorneys are accorded absolute immunity); *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (IRS attorneys absolutely immune from liability for official acts).

  2.  Actions Within the Scope of Office

The question now becomes whether the actions at issue were done within the scope of defendants' respective offices. Officials deserve immunity based on their conduct, not on the title of the office they hold. *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005). Attorneys and judges act in their official capacities if the particular task is "intimately associated" with the judicial process. *See Burns v.*

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 4**

*Reed*, 500 U.S. 478, 486 (1991). That determination is necessarily a factual one.

### I)   Attorney Stahman

Absolute immunity is conferred on United States Attorneys when the alleged impropriety is "based solely upon the attorneys' official conduct representing the government." *Fry*, 939 F.2d at 836. In other words, tactical decisions and procedural motions, so long as they are taken in good faith, cannot form the basis for a claim that an attorney exceeded the authority of her office. *Id.* Here, Plaintiff is challenging Stahman's removal of and subsequent effort to dismiss his case. These actions fall squarely within those typically performed by government attorneys while defending their client. She is thus entitled to immunity for the acts Plaintiff challenges.

### II)   Judge Zilly

Plaintiff also argues that Judge Zilly's dismissal of his case was an abuse of authority. A judge will be denied immunity only where "he acts in the clear absence of all jurisdiction or where he performs an act that is not judicial in nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The "clear absence" standard is a stringent one. It is not enough that the judge's conduct "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). As the *Sparkman* Court explained:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* at 357, n.7.

The source of Plaintiff's confusion appears to be his construing the FTCA as a separate cause of action rather than a limited waiver of sovereign immunity. He believes that his failure to plead an initial "FTCA claim," and his reliance only on Washington tort law, removed any federal questions from his case. Accordingly,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 5**

Plaintiff contends that the district court, and by extension Judge Zilly, lacked jurisdiction to dismiss his claim. (Ct. Rec. 10, at 14). However, Plaintiff filed suit against the Postmaster for the City of Federal Way, a federal employee. The FTCA vests exclusive jurisdiction in the district courts for "civil actions on claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government[.]" 28 U.S.C. § 1346(b). Therefore it cannot be said that Judge Zilly's dismissal of Plaintiff's complaint was an action in "clear absence of all jurisdiction." To the contrary, jurisdiction was proper and immunity attaches.

**B.     Claims Against the United States**

Finally, Defendants' attorney, acting now on behalf of the United States, moves to dismiss the remainder of Plaintiff's complaint arguing that he failed to exhaust administrative remedies as to claims against the United States. (Ct. Rec. 9, at 5-6). The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted available administrative processes. 28 U.S.C. § 2675(a). Plaintiff does not address this issue in his response, but the Government provides a sworn declaration from a Department of Justice official who finds no record of Plaintiff having filed an administrative claim. (Ct. Rec. 9-2, at 2-3).

Because exhaustion of a FTCA claim invokes a question of jurisdiction, *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), the Court is free to hear extrinsic evidence on the matter and "to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). Plaintiff has provided no evidence regarding the administrative exhaustion of his claim against the United States. Even construing the procedural rules liberally as is appropriate for a *pro se* litigant, the Court finds the Government's evidence persuasive, especially considering the burden to prove valid jurisdiction is Plaintiff's to bear. *Stock West*, 873 F.2d at 1225.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 6**

1 | Therefore, the Court grants this portion of the defendants' motion and, in
2 | sum, dismisses Plaintiff's claim in its entirety.
3 | Accordingly, **IT IS HEREBY ORDERED**:
4 | 1. Defendant's Motion to Dismiss (Ct. Rec. 9) is **GRANTED**.
5 | 2. The Complaint in the above-captioned matter is **DISMISSED**.
6 | **IT IS SO ORDERED**. The District Court Executive is directed to enter this
7 | Order, furnish copies to the parties, and **close the file**.
8 | **DATED** this 16th day of April, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

C:\Documents and Settings\mduett\Local Settings\Temp\notesDEE0C9\dismiss.ord.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 7**