FILED _____ ENTERED
LODGED _____ RECEIVED

APR 19 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

CYRUS Y. KIM,

       Plaintiff,

    v.

KAYLA C. STAHMAN,
THOMAS S. ZILLY,

       Defendants.

NO.  CV-10-0213-RHW

**AMENDED ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

Before the Court is the Defendants' motion to dismiss for lack of subject matter jurisdiction. (Ct. Rec. 9).  Plaintiff, appearing *pro se*, challenges several actions performed by defendants in their official capacities as an assistant United States Attorney and district court judge, respectively.  For the reasons explained below, the Court grants Defendants' motion.[1]

This order has been amended to specify that the case is dismissed with prejudice, and to direct the District Court Executive to enter judgment against Plaintiff and in favor of Defendants.

## FACTUAL AND PROCEDURAL HISTORY

This case results from the Defendants' involvement in previous litigation arising from a conflict regarding the delivery of Plaintiff's mail.  Plaintiff contends that an adequately addressed parcel was arbitrarily returned to him.  Plaintiff traveled to the post office and spoke with a clerk there to determine why his

---

[1]The undersigned is sitting by designation because Judge Zilly of the Western District of Washington is a named defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 1**

1   envelope was not delivered.  Believing he was the victim of bureaucratic
2   runaround, Plaintiff demanded the employee's name so he could report an "official
3   false comment."  An argument developed and, at some point, the clerk shut the
4   service window near Plaintiff's face.  Police eventually removed Plaintiff from the
5   premises.

6          Two lawsuits resulted from this incident.  Although the case directly
7   relevant here was commenced in 2009, it is helpful to understand the full context
8   of Plaintiff's claims.  For that reason, the Court discusses both.

9   **A.     Plaintiff's First Action (2007)**

10          Plaintiff first filed a suit in 2007 (not directly at issue here) against the
11   Postmaster alleging that postal employees violated his Ninth and Fourteenth
12   Amendment rights.  The complaint also included some kind of tort claim, though
13   the precise nature of which was disputed.  Judge Coughenour dismissed Plaintiff's
14   constitutional claims, concluding that vicarious liability was not cognizable in a
15   *Bivens* action.  With the federal element stripped away, the court declined to
16   exercise supplemental jurisdiction over the remaining state tort claim. Ord. on
17   Mtn. to Dismiss, No. 2:07-CV-01917 (W.D. Wash. Mar. 20, 2008).  That order
18   was affirmed by the Ninth Circuit. *Kim v. Federal Way Post Office Postmaster*,
19   No. 08-35380 (9th Cir. Jun. 16, 2009).

20   **B.     Plaintiff's Second Action (2009)**

21          Plaintiff then filed the lawsuit that underlies this matter in which he
22   renewed his state law tort claims.  However, rather than suing the postal clerks
23   individually, he again named the Postmaster as the sole defendant.  Upon review
24   of the complaint, the United States Attorney General's office determined the
25   Postmaster was acting within the course and scope of his employment for the
26   purposes of the Federal Tort Claims Act (FTCA).  Pursuant to it, Defendant
27   Stahman, an assistant United States Attorney, substituted the United States as the
28   sole defendant and removed the case to federal court. 28 U.S.C. § 2679(d)(2).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 2**

1  Stahman then moved to dismiss the complaint.  Defendant Zilly, the United

2  States District Court judge assigned to the case, granted the motion.  Judge Zilly

3  concluded, as a threshold matter, that Plaintiff had not pursued the required

4  administrative recourse before filing his action. (Ct. Rec. 1-2, at 77).  Judge Zilly

5  added that sovereign immunity was not waived for claims "arising out of the loss,

6  miscarriage, or negligent transmission of letters or postal matter," nor for the

7  intentionally tortious conduct of government employees. (*Id.*, *citing* 28 U.S.C. §§

8  2680(b) & (h)).

9  Plaintiff filed the instant matter, also in state court, against both Stahman

10  and Judge Zilly for their roles in adjudicating his 2009 lawsuit.  The complaint

11  alleges Stahman exceeded her authority "by falsifying and distorting [the] Federal

12  Tort Claims Act" in order to remove Plaintiff's case from state court.[2] (Ct. Rec.

13  1-2, at 2).  For his part, Judge Zilly allegedly deprived Plaintiff of "the

14  fundamental right of petition" by ordering the substitution of the United States and

15  dismissing the action. (*Id.* at 3).  Defendants removed the case to this Court and

16  now move for dismissal arguing that absolute immunity precludes jurisdiction.

17  **STANDARD OF REVIEW**

18  Dismissal is appropriate under Rule 12(b)(1) when the Court lacks subject

19  matter jurisdiction over the claim. FED. R. CIV. P. 12(b)(1).  This a threshold issue

20  which goes to the power of the Court to even hear the case.  Because this

21  foundation is at stake, the Court is not limited to the allegations in the complaint

22  but may also consider extrinsic evidence and, if facts are in dispute, may weigh the

23  evidence in order to satisfy itself that jurisdiction exists. *Roberts v. Corrothers*,

24  812 F.2d 1173, 1177 (9th Cir. 1987).  Although lack of subject matter jurisdiction

25  is an affirmative defense, the burden of proof in a 12(b)(1) motion is on the

26
27  [2]Plaintiff has since filed an Amended Complaint, dated Feb. 25, 2010. (Ct.
28  Rec. 8).  However, that document alters only his damages calculation and thus is
     not relevant for determining the merits of Defendants' motion.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 3**

1  Plaintiff. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.

2  1989). Therefore, the court will presume a lack of jurisdiction until it is otherwise

3  proven. *Id.*

4  <u>ANALYSIS</u>

5  **A.    Claims Against Individual Defendants**

6          Because Plaintiff is challenging acts performed by the Defendants in their

7  official capacities, the Court must determine whether Defendants are entitled to

8  absolute immunity.  If immunity attaches, then dismissal is proper unless either

9  defendant was acting outside the normal functions of their office. *Imbler v.*

10  *Pachtman*, 424 U.S. 409, 419, n. 13 (1975) ("[A]bsolute immunity defeats a suit at

11  the outset, so long as the official's actions were within the scope of the

12  immunity.").

13          1.    <u>Absolute Immunity</u>

14          Judges and advocates are shielded from personal liability for their official

15  acts so that they may "perform their respective functions without harassment or

16  intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978).  This principle is

17  grounded by the fact that "[t]he loser in one forum will frequently seek another,

18  charging the participants in the first with unconstitutional animus." *Id.*  Thus, the

19  Supreme Court has concluded that absolute, rather than qualified, immunity is

20  proper in these instances. *Id.*  Although the immunity doctrine found its origin in

21  protecting judges, it has since been extended to include the conduct of, among

22  other actors, government lawyers. *See Harlow v. Fitzgerald*, 457 U.S. 800, 828

23  (1982) (United States Attorneys are accorded absolute immunity); *Fry v.*

24  *Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (IRS attorneys absolutely immune

25  from liability for official acts).

26          2.    <u>Actions Within the Scope of Office</u>

27          The question now becomes whether the actions at issue were done within

28  the scope of defendants' respective offices.  Officials deserve immunity based on

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 4**

1 | their conduct, not on the title of the office they hold. *Botello v. Gammick*, 413 F.3d

2 | 971, 976 (9th Cir. 2005). Attorneys and judges act in their official capacities if the

3 | particular task is "intimately associated" with the judicial process. *See Burns v.*

4 | *Reed*, 500 U.S. 478, 486 (1991). That determination is necessarily a factual one.

5 |         *I)     Attorney Stahman*

6 |        Absolute immunity is conferred on United States Attorneys when the

7 | alleged impropriety is "based solely upon the attorneys' official conduct

8 | representing the government." *Fry*, 939 F.2d at 836. In other words, tactical

9 | decisions and procedural motions, so long as they are taken in good faith, cannot

10 | form the basis for a claim that an attorney exceeded the authority of her office. *Id.*

11 | Here, Plaintiff is challenging Stahman's removal of and subsequent effort to

12 | dismiss his case. These actions fall squarely within those typically performed by

13 | government attorneys while defending their client. She is thus entitled to

14 | immunity for the acts Plaintiff challenges.

15 |         *II)    Judge Zilly*

16 |        Plaintiff also argues that Judge Zilly's dismissal of his case was an abuse of

17 | authority. A judge will be denied immunity only where "he acts in the clear

18 | absence of all jurisdiction or where he performs an act that is not judicial in

19 | nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The "clear

20 | absence" standard is a stringent one. It is not enough that the judge's conduct

21 | "was in error, was done maliciously, or was in excess of his authority." *Stump v.*

22 | *Sparkman*, 435 U.S. 349, 356-57 (1978). As the *Sparkman* Court explained:

23 | > [I]f a probate judge, with jurisdiction over only wills and estates, should
24 | > try a criminal case, he would be acting in the clear absence of
   | > jurisdiction and would not be immune from liability for his action; on
25 | > the other hand, if a judge of a criminal court should convict a defendant
   | > of a nonexistent crime, he would merely be acting in excess of his
26 | > jurisdiction and would be immune.

   *Id.* at 357, n.7.

27 |        The source of Plaintiff's confusion appears to be his construing the FTCA as

28 |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 5**

1  a separate cause of action rather than a limited waiver of sovereign immunity.  He

2  believes that his failure to plead an initial "FTCA claim," and his reliance only on

3  Washington tort law, removed any federal questions from his case.  Accordingly,

4  Plaintiff contends that the district court, and by extension Judge Zilly, lacked

5  jurisdiction to dismiss his claim. (Ct. Rec. 10, at 14).  However, Plaintiff filed suit

6  against the Postmaster for the City of Federal Way, a federal employee.  The

7  FTCA vests exclusive jurisdiction in the district courts for "civil actions on claims

8  against the United States, for money damages ... for injury or loss of property ...

9  caused by the negligent or wrongful act or omission of any employee of the

10  Government[.]" 28 U.S.C. § 1346(b).  Therefore it cannot be said that Judge

11  Zilly's dismissal of Plaintiff's complaint was an action in "clear absence of all

12  jurisdiction."  To the contrary, jurisdiction was proper and immunity attaches.

13  **B.     Claims Against the United States**

14          Finally, Defendants' attorney, acting now on behalf of the United States,

15  moves to dismiss the remainder of Plaintiff's complaint arguing that he failed to

16  exhaust administrative remedies as to claims against the United States. (Ct. Rec. 9,

17  at 5-6).  The FTCA provides that an "action shall not be instituted upon a claim

18  against the United States for money damages" unless the claimant has first

19  exhausted available administrative processes. 28 U.S.C. § 2675(a).  Plaintiff does

20  not address this issue in his response, but the Government provides a sworn

21  declaration from a Department of Justice official who finds no record of Plaintiff

22  having filed an administrative claim. (Ct. Rec. 9-2, at 2-3).

23          Because exhaustion of a FTCA claim invokes a question of jurisdiction,

24  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), the Court is free to hear

25  extrinsic evidence on the matter and "to rule on that issue prior to trial, resolving

26  factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074,

27  1077 (9th Cir.1983).  Plaintiff has provided no evidence regarding the

28  administrative exhaustion of his claim against the United States.  Even construing

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 6**

1  the procedural rules liberally as is appropriate for a *pro se* litigant, the Court finds

2  the Government's evidence persuasive, especially considering the burden to prove

3  valid jurisdiction is Plaintiff's to bear. *Stock West*, 873 F.2d at 1225.

4      Therefore, the Court grants this portion of the defendants' motion and, in

5  sum, dismisses Plaintiff's claim in its entirety.

6      Accordingly, **IT IS HEREBY ORDERED:**

7      1. Defendant's Motion to Dismiss (Ct. Rec. 9) is **GRANTED.**

8      2. The Complaint in the above-captioned matter is **DISMISSED with**

9  **prejudice.**

10      3. The District Court Executive is directed to enter judgment against

11  Plaintiff and in favor of Defendants.

12      **IT IS SO ORDERED.** The District Court Executive is directed to enter this

13  Order, furnish copies to the parties, and **close the file.**

14      **DATED** this 19th  day of April, 2010.

15

16                    *s/Robert H. Whaley*

17                    ROBERT H. WHALEY
                    United States District Judge

18

19  C:\Documents and Settings\rnduett\Local Settings\Temp\notesDEE0C9\amended.dismiss.ord.wpd

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 7**